IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVAN L. MENDEZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 09-928-JJF |
| JAMES T. VAUGHN CORRECTIONAL CENTER, | : |
| Defendant. | : |

Ivan L. Mendez, <u>Pro se</u> Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**<u>MEMORANDUM OPINION</u>**

April 21, 2010
Wilmington, Delaware

**Farnan, District Judge**

  Plaintiff Ivan L. Mendez ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

## I. BACKGROUND

  Plaintiff was transferred from the Medium Housing Security Unit ("MHU") on November 17, 2009 to the D-West Building. Subsequent to his transfer he wrote to medical for his prescribed medication and results of an electrocardiogram, but he has heard nothing. Plaintiff states that he "really needs his nitro pearls [sic]") for his heart and his diet trays. Also, he alleges that has not received treatment for Hepatitis C. He requests relief "the same as always." (D.I. 2.)

## II. STANDARD OF REVIEW

  This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28

1


U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1)

2

is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.- , 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show

that Plaintiff has a "plausible claim for relief."[1]  Id. at 211.
In other words, the Complaint must do more than allege
Plaintiff's entitlement to relief; rather it must "show" such an
entitlement with its facts.  Id.  "[W]here the well-pleaded facts
do not permit the court to infer more than a mere possibility of
misconduct, the complaint has alleged - but it has not shown -
that the pleader is entitled to relief."  Iqbal, 129 S.Ct. at
1949.  (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Plaintiff names only one Defendant, the VCC.  It falls under
the umbrella of the Delaware Department of Correction, an agency
of the State of Delaware.  The Eleventh Amendment protects states
and their agencies and departments from suit in federal court
regardless of the kind of relief sought.  Pennhurst State School
& Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Moreover, state
correctional institutions are arms of the state and not persons
subject to liability under § 1983.  See Green v. Howard R. Young
Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005).  "Absent a
state's consent, the Eleventh Amendment bars a civil rights suit

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

4

in federal court that names the state as a defendant." <u>Laskaris v. Thornburgh</u>, 661 F.2d 23, 25 (3d Cir. 1981) (citing <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. <u>See Ospina v. Department of Corr.</u>, 749 F. Supp. 572, 579 (D. Del. 1991).

Accordingly, the VCC is entitled to immunity under the Eleventh Amendment. Inasmuch as the Complaint fails to state a claim against the VCC, it will be dismissed. However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendant (or name alternative Defendants), he will be given an opportunity to amend his pleading. <u>See O'Dell v. United States Gov't</u>, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint.

An appropriate Order will be entered.

5