IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                     :
                                    :
        Plaintiff,                  :
                                    :
    v.                              : Civil Action No. 09-928-JJF
                                    :
JAMES T. VAUGHN CORRECTIONAL        :
CENTER,                             :
                                    :
        Defendant.                  :

Ivan L. Mendez, Pro se Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

July 14, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 4.) For the reasons discussed below, the Court concludes that the Complaint was filed in violation of the Court's July 30, 2007 Order in Mendez v. This Criminal Organization, Civ. No. 07-236-JJF, D.I. 9, and is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Accordingly, the Court will dismiss the Amended Complaint.

**I. BACKGROUND**

Plaintiff's original Complaint attempted to allege an Eighth Amendment medical needs claim. The Complaint, however, was deficiently pled and Plaintiff was given leave to amend. (D.I. 7, 8.) Plaintiff timely filed an Amended Complaint. (D.I. 9.) The Amended Complaint is replete with references to, and allegations against, "This Criminal Organization."

Due to Plaintiff's vexatious and abusive litigation, the Court has enjoined him from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to Mendez v. Carroll, Civ. Action No. 04-1409-JJF (D. Del. Dec. 4, 2005), Mendez v. This Criminal Organization, Civ. Action No. 06-780-JJF, Mendez v. Pennsylvania State, Civ.

Action No. 06-794-JJF, <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-162-JJF, and <u>Mendez v. This Criminal Organization</u>, Civ. Action No. 07-236-JJF. or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and **This Criminal Organization**. (Court's emphasis; see <u>Mendez v. This Criminal Organization</u>, Civ. No. 07-236-JJF, D.I. 9.)

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a <u>pro se</u> plaintiff. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 229 (3d Cir. 2008); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937

(2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[1] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949. (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

**III. DISCUSSION**

The Amended Complaint makes little, if any reference, to the claims raised by Plaintiff in his original Complaint. Instead, it contains numerous allegations against "This Criminal Organization" and their connected "Wired Soldiers." (D.I. 9.) The Court has enjoined Plaintiff from filing claims against "This Criminal Organization." The only way that he may do so is by following the requirements set forth in this Court's July 30, 2007 Order in Mendez v. This Criminal Organization, Civ. No. 07-236-JJF. Plaintiff did not comply with that Order. In addition, the Amended Complaint consists of fantastical or delusional claims that are clearly baseless and are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Accordingly, the Court will dismiss the Amended Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IV. CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.